DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-391-RJC
(3:13-cr-139-RJC-1)

| | |
|---|---|
| RON MCQUAY GARLAND, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. No. 1).

**I.     Initial Screening**

The Court has conducted an initial screening of the petition under Rule 4(b) and finds that it appears that the motion is untimely. 28 U.S.C. § 2255(f).

**II.    Discussion**

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

1

(3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f).

Here, Petitioner was found guilty after a jury trial of possessing a firearm or ammunition after being convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). (Criminal Case No. 3:13-cr-139-RJC-1, Doc. No. 31: Judgment). On February 3, 2014, this Court sentenced Petitioner to 84 months of imprisonment. Judgment was entered on February 21, 2014, and Petitioner did not appeal. (Id.). Petitioner's conviction, therefore, became final for purposes of Section 2255(f) fourteen days after judgment was entered, on March 7, 2014. See FED. R. APP. P. 4(b). Petitioner did not file his Section 2255 motion to vacate, however, until more than one year later, on August 17, 2015, when he placed the petition in the prison system for mailing.[1] It appears, therefore, that Petitioner's motion to vacate is untimely.

The Court will grant Petitioner 20 days in which to provide an explanation as to why the instant Section 2255 petition should not be dismissed as untimely, including any reasons why equitable tolling should apply.[2] See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002); United

---

[1] In his motion to vacate, as his sole claim for relief, Petitioner claims that he received ineffective assistance of counsel because counsel failed to file a notice of appeal on his behalf after Petitioner instructed counsel to do so.

[2] Petitioner explains in Paragraph 18 of his motion to vacate that his petition is untimely because his counsel did not file an appeal as instructed by Petitioner, and Petitioner did not learn of counsel's failure to file a notice of appeal until June 18, 2015. (Doc. No. 1 at 8). Although counsel's failure to file an appeal after Petitioner instructed him to do so would be ineffective assistance of counsel per se if raised in a timely filed petition, it is not grounds for applying equitable tolling to a petition that is not timely. Bruton v. United States, No. 1:12-cv-123-MR, 2013 WL 2632609, at *3 (W.D.N.C. June 12, 2013) appeal dismissed, 589 Fed. App'x 184 (4th Cir. 2015). Although this Court could dismiss the petition as untimely based on Petitioner's

States v. Blackstock, 513 F.3d 128, 133 (4th Cir. 2008) (remanding to district court pursuant to Hill for determination of timeliness of § 2255 Motion).

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner shall have 20 days from entry of this Order in which to explain to the Court why the Section 2255 Motion to Vacate should not be dismissed as untimely. If Petitioner does not file such explanation within 20 days from entry of this Order, the petition may be dismissed without further notice.

Signed: August 28, 2015

Robert J. Conrad, Jr.
United States District Judge

---

explanation as to timeliness in his petition, the Court will give Petitioner one last opportunity to explain why equitable tolling should apply on any other grounds.