DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-391-RJC
(3:13-cr-139-RJC-1)

| | |
|---|---|
| RON MCQUAY GARLAND, ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) ) | **ORDER** |

**THIS MATTER** is before the Court following receipt of Petitioner's response to the Court's prior Order requiring Petitioner to explain why his 28 U.S.C. § 2255 motion to vacate is not time-barred and, if it is time-barred, why equitable tolling should apply. For the following reasons, the Court dismisses the § 2255 petition as time-barred.

I.  BACKGROUND

Pro se Petitioner Ron Garland was found guilty after a jury trial of possessing a firearm or ammunition after being convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). (Criminal Case No. 3:13-cr-139-RJC-1, Doc. No. 31: Judgment). On February 3, 2014, this Court sentenced Petitioner to 84 months of imprisonment. Judgment was entered on February 21, 2014, and Petitioner did not appeal. (Id.). Petitioner placed the petition in the prison system for mailing on August 17, 2015. As his sole claim for relief, Petitioner claims that he received ineffective assistance of counsel because counsel failed to file a notice of appeal on his behalf after Petitioner instructed counsel to do so.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without a response from the Government and without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, as noted, judgment was entered in this action on February 21, 2014, and Petitioner

did not appeal.  (Id.).  Petitioner's conviction, therefore, became final for purposes of Section 2255(f) fourteen days after judgment was entered, on March 7, 2014.  See FED. R. APP. P. 4(b). Petitioner did not file his Section 2255 motion to vacate, however, until more than one year later, on August 17, 2015, when he placed the petition in the prison system for mailing.

On August 28, 2015, this Court entered an Order giving Petitioner 20 days in which to submit a memorandum explaining why his petition is timely or, if not, the reasons for why the Court should apply equitable tolling.  See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). Petitioner has filed a response to the Court's order, in which he contends that equitable tolling is warranted because Petitioner did not learn, until on around June 18, 2015, that counsel failed to file an appeal on his behalf although he had instructed counsel to do so.  See (Doc. No. 3 at 1). Although counsel's failure to file an appeal after Petitioner instructed him to do so would be ineffective assistance of counsel per se if raised in a timely filed petition, it is not grounds for applying equitable tolling to a petition that is untimely.  Furthermore, Petitioner has not shown that he was diligent in filing his Section 2255 motion, as he filed it more than five months out of time, and almost two months after he discovered that counsel had not filed an appeal on his behalf. Accord Bruton v. United States, No. 1:12-cv-123-MR, 2013 WL 2632604, at *3 (W.D.N.C. June 12, 2013), appeal dismissed, 589 Fed. App'x 184 (4th Cir. 2015); see also Langley v. United States, No. 4:14-cv-48-FL, 2015 WL 2450537, at *4 (E.D.N.C. May 21, 2015) ("Taking as true Petitioner's allegation that he directed his counsel to file an appeal and that Petitioner believed his appeal was pending until sometime after the one-year statute of limitations had run, these allegations fail to demonstrate the requisite diligence to justify equitable tolling.") (citing cases). Thus, the Court finds that equitable tolling is not warranted, and the petition will be dismissed as

time-barred.

**IV.    CONCLUSION**

For the reasons stated herein, Petitioner's Section 2255 motion is time-barred.

**IT IS THEREFORE ORDERED THAT**:

1.  Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence, (Doc. No. 1), is dismissed with prejudice as untimely.

2.  **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: September 21, 2015

Robert J. Conrad, Jr.
United States District Judge